IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL D.,[1] ) <br> ) <br>   Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW SAUL, Commissioner of ) <br> Social Security, ) <br> ) <br>   Defendant. ) <br> ) | No. 19 C 4898 <br><br> Magistrate Judge <br> Maria Valdez |

**MEMORANDUM OPINION AND ORDER**

  This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Paul D.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the decision of the Commissioner is denied, and the Commissioner's motion for summary judgment [Doc. No. 18] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On December 29, 2016, Plaintiff filed a claim for DIB, alleging disability since January 28, 2016 due to degenerative disc disease. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on April 23, 2018. Plaintiff personally appeared and testified at the hearing and was represented by counsel. Vocational expert Julie Bose also testified.

On July 23, 2018, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 28, 2016 through his date last insured of December 31, 2016. At step two, the ALJ concluded that Plaintiff had the following severe impairments: lumbar degenerative disc disease and stenosis; and obesity. The ALJ concluded at step three that his impairments,

alone or in combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 CFR 404.1567(b) except "he could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but never climb ladders, ropes or scaffolding." (R. 15.)

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as an industrial truck mechanic. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience and RFC, the ALJ concluded that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former

3

occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the

4

ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

5

**III. ANALYSIS**

Plaintiff argues that the ALJ's decision was in error for the following reasons: (1) the ALJ erred in failing to afford significant weight to the opinion of Plaintiff's treating neurologist; (2) the ALJ's RFC determination was in error for failure to define Plaintiff's exertional limitations, among other things; and (3) the ALJ erred in evaluating Plaintiff's subjective statements for various reasons.

**A. Treating Physician Rule[2]**

Plaintiff argues the ALJ failed to follow the "treating physician rule" by not appropriately weighing the opinion of his treating neurologist, relying instead on the opinions of the state agency physicians and assigning their opinions great weight. An ALJ must give controlling weight to a treating physician's opinion if the opinion is both "well-supported" and "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must also "offer good reasons for discounting" the opinion of a treating physician. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted); *Scott*, 647 F.3d at 739; *see also Israel v. Colvin*, 840 F.3d 432, 437 (7th Cir. 2016) ("A contradictory opinion of a non-examining physician does not, by itself, suffice as a justification for discounting the opinion of

---

[2] The Social Security Administration has modified the treating physician rule to eliminate the "controlling weight" instruction. *See* 20 C.F.R. § 404.1520c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from your medical sources."). However, the new regulations apply only to disability applications filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1527 ("For claims filed (see § 404.614) before March 27, 2017, the rules in this section apply."). Plaintiff's application in this case was filed in 2016, and therefore the ALJ was required to apply the former treating physician rule.

6

the treating physician."). The regulations require the ALJ to consider a variety of factors, including: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See* 20 C.F.R. § 404.1527(c).

Plaintiff's treating neurologist, Dr. Hurley, opined that Plaintiff could: lift and carry 6-10 pounds occasionally and 0-5 pounds frequently; sit, stand, or walk for only less than two hours in an eight-hour workday; never push/pull, climb ramps, stairs, ladders, or ropes, balance, stoop, kneel, crouch, crawl, reach, or handle; occasionally finger; and frequently feel. Dr. Hurley opined that Plaintiff has not been able to work full-time at any time since February 20, 2016.

The ALJ assigned Dr. Hurley's opinion "no controlling or even great weight" because the opinion was "not well-supported by or consistent with the record evidence." (R. 17.) The ALJ also relied upon the state agency physicians' opinions that Plaintiff could perform the requirements of light work in assigning less weight to the more restrictive medical opinion of Dr. Hurley. Plaintiff argues that that the ALJ erred by failing to discuss the factors in 20 C.F.R. § 404.1527(c) and failing to sufficiently support her conclusion that Dr. Hurley generally documented normal findings in his examinations of Plaintiff. Neither argument is persuasive.

First, the ALJ addressed Dr. Hurley's status as a specialist and treating physician and, while not explicitly discussed, the ALJ clearly considered the length of the treatment relationship and frequency of examination by discussing many of

Dr. Hurley's treatment notes by date of appointment as well as his medical opinions. The ALJ also discussed tests performed by Dr. Hurley at his appointments and devoted a good portion of the opinion to the consistency of Dr. Hurley's opinion with the medical evidence. In any event, it is not required that the ALJ explicitly discuss each factor in 20 C.F.R. § 404.1527, but only that the ALJ consider each factor. *Collins v. Berryhill*, 743 F. App'x 21, 25 (7th Cir. 2018) ("[A]n ALJ must consider the factors founds in 20 C.F.R. § 416.927(c), but need only 'minimally articulate' his reasoning; the ALJ need not explicitly discuss and weigh each factor."). It would be ideal if the ALJ had discussed and cited each of the factors in 20 C.F.R. § 404.1527 in the opinion, but it is clear the ALJ sufficiently considered the factors, and ultimately provided sufficient reasons for discounting Dr. Hurley's opinion. *See Elder v. Astrue*, 529 F.3d 408, 415-16 (7th Cir. 2008) (affirming denial of benefits where ALJ only discussed two of the relevant factors).

Next, substantial evidence supports the ALJ's finding that Dr. Hurley's examinations were generally normal. The ALJ noted that Plaintiff responded[3] to epidural injections and Dr. Hurley's treatment notes during the relevant period generally documented normal findings. On various occasions, Dr. Hurley noted that Plaintiff's pain was improving; Plaintiff "knows to get" further epidural injections if the pain returns (R. 304); the injections were fifty percent effective in relieving Plaintiff's pain; and Plaintiff had perfect motor strength. There are also notes

---

[3] Although (as noted by Plaintiff) the ALJ did not specifically explain what she meant by "responded," it is clear that she meant that Plaintiff's pain improved as a result of the epidural injections, as she notes elsewhere in the opinion.

8

reflecting Plaintiff's pain worsening at times, but the ALJ discussed this evidence and determined that overall, Dr. Hurley's notes were inconsistent with his opinion. The Court may not reweigh the evidence to arrive at a different conclusion where, as here, reasonable minds could differ and the ALJ's conclusion is supported by substantial evidence. *Herr*, 912 F.2d at 181; *Skinner*, 478 F.3d at 841. The ALJ's conclusion that the injections helped Plaintiff's pain was similarly supported by ample evidence. *See, e.g., Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015). Accordingly, the Court finds the ALJ properly evaluated Dr. Hurley's opinion.[4]

## B.   RFC Determination

Plaintiff next contends that the ALJ erred in the RFC determination for a few reasons. First, Plaintiff argues that the ALJ failed to evaluate Plaintiff's RFC in accordance with SSR 96-8p by failing to define Plaintiff's exertional limitations. Under SSR 96-8p, the ALJ "must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis . . . and describe the maximum amount of each work-related activity the individual can perform[.]" The ALJ found that Plaintiff could perform the requirements of light work as defined in 20 C.F.R. § 404.1567(b),[5] and that finding is specific enough for the Court to discern the limitations found based on a

---

[4] Also, as Plaintiff concedes the ultimate disability determination is for the Commissioner to decide, not the plaintiff's treating physician.

[5] The regulations define light work, in relevant part, as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds . . . [A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

9

"commonsensical reading" of the ALJ's opinion. *Johnson v. Apfel*, 189 F.3d 561, 564 (7th Cir. 1999) (citations omitted) ("When a claimant argues that there are fatal gaps or contradictions in the [ALJ's] opinion . . . we give the opinion a commonsensical reading rather than nitpicking at it."). That is especially true here because the ALJ relied upon and gave great weight to the state agency physicians' opinions that found Plaintiff retained the RFC to perform the requirements of light work and made specific findings as to each of Plaintiff's exertional limitations.[6]

Next, Plaintiff argues that the ALJ improperly evaluated his obesity in making the RFC determination. The Social Security Administration "has removed obesity as a separate listing from the list of disabling impairments." *Castile v. Astrue*, 617 F.3d 923, 928 (7th Cir. 2010) (citing SSR 02-1p). However, the ALJ is required to consider a Plaintiff's obesity in evaluating the severity of her other impairments. *Id.*; *see also Martinez v. Astrue*, 630 F.3d 693, 689-99 (finding reversible error when the ALJ failed to consider the effect of a body mass index of over 40 on knee pain). The Seventh Circuit also requires an ALJ to consider a Plaintiff's obesity in evaluating her ability to work generally. *See Browning v. Colvin*, 766 F.3d 702, 706 (7th Cir. 2014) (explaining that morbid obesity may make a person unable to perform even sedentary jobs). Moreover, a "Plaintiff must articulate how her obesity limits her functioning and exacerbates her impairments. . . . This court has repeatedly excused the harmless error of an ALJ who fails to

---

[6] Also, contrary to Plaintiff's argument, the ALJ did discuss and consider that Plaintiff needed to lie down and shift positions, and Plaintiff failed to meet his burden to show that he was more impaired than the ALJ found. *See Esther C. v. Berryhill*, No. 18 C 407, 2019 WL 1254888, at *1 (N.D. Ill. Mar. 19, 2019).

10

explicitly address a Plaintiff's obesity but arrives at a final decision after reviewing the medical opinions of physicians familiar with the Plaintiff's obesity." *Hisle v. Astrue*, 258 F. App'x 33, 37 (7th Cir. 2007) (unpublished decision).

Here, the ALJ explicitly addressed Plaintiff's obesity, finding it to be a severe impairment and stating she considered Plaintiff's obesity in formulating the RFC, which is all she is required to do. *See Martinez*, 630 F.3d at 689-99. Further, the Court finds no error in the ALJ finding obesity a severe impairment but not including an obesity-related limitation or in her giving great weight to the state agency physicians' opinions despite that they did not find obesity a severe impairment.[7] *See Julia R. v. Saul*, No. 19 C 1570, 2019 WL 6877597, at *2 (N.D. Ill. Dec. 17, 2019) ("[T]he ALJ is required to make the RFC determination based on all the evidence . . . [and] the ALJ's failure to parrot the limitations endorsed by any one physician does not invalidate the RFC.") (citations omitted). Significantly, none of the doctors who evaluated or treated Plaintiff, including Dr. Hurley, opined that Plaintiff's obesity caused any additional limitation, so even if the ALJ had erred in her evaluation of Plaintiff's obesity and corresponding limitations, it would be harmless error. *See Cooley v. Berryhill*, 738 F. App'x 877, 881 (7th Cir. 2018); *Hisle*, 258 F. App'x at 37. Accordingly, the ALJ's RFC determination was supported by substantial evidence and the Court will not remand the case on this basis.

---

[7] The Court will also not remand the case on the basis that the ALJ allegedly failed "to consider all of Plaintiff's impairments, severe and non-severe, in combination." (Doc. No. 14 at 9.) The ALJ discussed Plaintiff's obesity and lumbar degenerative disc disease and stenosis and stated that she considered them singly and in combination, and Plaintiff quotes relevant portions of the ALJ's opinion discussing these impairments. It is clear from the opinion that the ALJ considered all Plaintiff's impairments sufficiently.

11

## C. Subjective Statements

Plaintiff finally argues that the ALJ failed to evaluate his subjective symptom statements in accordance with SSR 16-3p and failed to properly evaluate the statements for other reasons. First, Plaintiff contends that the ALJ's statement that Plaintiff's testimony was "not entirely consistent" with the medical evidence shows that the ALJ used an incorrect legal standard. The ALJ went on to provide multiple reasons for her conclusion, however, and exhaustively discussed the medical evidence and its consistency with Plaintiff's alleged symptoms. Thus, this argument is unpersuasive.[8] *See, e.g., Schomas v. Colvin*, 732 F.3d 702, 708 (7th Cir. 2013) ("The use of boilerplate is innocuous when . . . the language is followed by an explanation for rejecting the claimant's testimony"); *Brian J. v. Saul*, 438 F. Supp. 3d 903, 910 (N.D. Ill. 2020) ("This argument has been recently rejected . . . [and] it is not clear what difference there is, if any, between 'not entirely consistent' with and 'not supported by a preponderance of' the evidence[.]") (citation and internal quotation marks omitted).

---

[8] In any event, the ALJ's conclusion that Plaintiff's statements were inconsistent with the objective evidence of record was supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (reviewing court must defer to the ALJ's credibility determination unless it is "patently wrong"). The ALJ explained how Plaintiff's professed symptoms were inconsistent with other aspects of the record including the medical evidence, and exhaustively recounted Plaintiff's treatment history giving specific reasons for her findings. For that reason, the Court also finds the ALJ sufficiently considered and discussed the inconsistency between Plaintiff's statements regarding his daily activities and the medical evidence, and simply assigned more weight to the medical opinion evidence and treatment notes. (*See* R. 18.) The Court will not reweigh the evidence to arrive at a different conclusion, as the ALJ's conclusion was reasonable. *See Elder v. Astrue*, 529 F.3d at 413.

12

Next, the ALJ sufficiently discussed Plaintiff's medication and other treatments under SSR 16-3p, including an extensive discussion of the use and effectiveness of hydrocodone for Plaintiff's pain management. (R. 18.) Although it appears that the ALJ incorrectly stated that Plaintiff never reported any medication side effects to his medical providers, that error is harmless because at the vast majority of appointments Plaintiff indeed did not report any medication side effects. Plaintiff identifies only one occasion from months prior to the period of adjudication where he told his doctor that a medication made him sleepy.

The ALJ's acknowledgment of this one appointment that is of questionable relevance due to its timing would not have changed her assessment that Plaintiff's statements of significant medication side effects were inconsistent with the absence of reports of side effects to medical providers and other medical evidence. *See McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011) ("[W]e will not remand a case to the ALJ for further explanation if we can predict with great confidence that the result on remand would be the same."). Finally, contrary to Plaintiff's contention, the ALJ was not required to explicitly discuss Plaintiff's work history, as that "is just one factor among many" when evaluating a claimant's subjective statements. *Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016). The ALJ's evaluation of Plaintiff's subjective statements was supported by substantial evidence and the Court will not reverse on this basis.

13

## **CONCLUSION**

For the foregoing reasons, Plaintiff's request to reverse the decision of the Commissioner is denied, and the Commissioner's motion for summary judgment [Doc. No. 18] is granted.

**SO ORDERED.**          **ENTERED:**

*(signature: Maria Valdez)*

**DATE:**     **January 8, 2021**

                                                **HON. MARIA VALDEZ**
                                                **United States Magistrate Judge**